UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| USCC DISTRIBUTION CO., LLC, <br><br> Petitioner, <br><br> v. <br><br> G&S WIRELESS, LLC et al., <br><br> Respondents. | No. 19 CV 5205 <br><br> Judge Manish S. Shah |

ORDER

USCC Distribution Co.'s motion to confirm the arbitration award, [1], is granted. Enter judgment and terminate civil case.

STATEMENT

Plaintiff USCC entered into a contract to sell mobile device equipment to defendants G&S Wireless and Gary Wilfong. [1-1] ¶ 3.[1] Two years later, USCC initiated an arbitration claim against respondents for breach of contract and conversion. [1-1] ¶ 4. In March 2017, an arbitrator entered an interim award for USCC. [1-1] ¶ 12. The arbitrator granted USCC $1,637,361 for the breach-of-contract claim, $12,020 for the conversion claim, and prejudgment interest on those amounts to be calculated at a later date; the interest would run from the date of the termination of the contracts in 2015 to the date of the final award. [1-1] ¶ 12. The interim award left open the amount of attorney's fees and costs to be awarded and set a schedule for an evidentiary submission and response on the question of fees and costs. [1-1] at 18. The interim-award document stated that the interim award "shall remain in full force and effect until such time as a final award is entered." [1-1] at 18. In May 2017, the arbitrator entered a final award. [1-1] ¶ 14. In April 2018, USCC moved to confirm the arbitration award in the District Court for the Northern District of West Virginia. [1-3]. Respondents moved to dismiss for improper venue, because the parties' contract included forum-selection and choice-of-law clauses designating Cook County as the exclusive venue for all litigation between the parties. [5], [6]. The West Virginia court found that venue was improper, but determined that the appropriate remedy was transfer, rather than dismissal. [12], [15]. The court denied respondents' motion to dismiss and, in July 2019, transferred the petition to this

---

[1] Bracketed numbers refer to entries on the district court docket and referenced page numbers are taken from the CM/ECF header placed at the top of filings.

court. [12], [15]. Respondents have not paid USCC, and USCC seeks to confirm the arbitration award. [1-1] ¶ 15; [1].

Section 9 of the Federal Arbitration Act provides that if the parties to arbitration "have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration," and the parties "shall specify the court," then either party "may apply" to that court "within one year after the award is made" for an order confirming the award. 9 U.S.C. § 9.

Respondents argue that USCC's motion is untimely because USCC did not file its petition in the Northern District of Illinois by May 22, 2018, one year after the arbitrator's final award.[2] Alternatively, they argue that USCC had to move to confirm within one year of the interim award, rather than the final award, which would have been March 23, 2018. USCC filed its motion in West Virginia on April 27, 2018.

USCC argues that Section 9 is permissive, not mandatory, pointing to the statute's language that a party "may" apply to the court within one year. And in any event, USCC says, it filed its motion in West Virginia within one year of the arbitrator's final award; USCC argues that transfer is not dismissal, so USCC tolled any statute of limitations when it moved for confirmation of the award in West Virginia.

Courts are split on whether Section 9 of the FAA imposes a mandatory or permissive bar.[3] But I need not reach that issue. Even if Section 9's one-year

---

[2] Respondents assert that the court does not have subject-matter jurisdiction because the claim is time-barred. [26] at 5. But timeliness is not a jurisdictional issue. *Wis. Valley Imp. Co. v. United States*, 569 F.3d 331, 335 (7th Cir. 2009) ("[A] statute of limitations does not concern subject-matter jurisdiction."); *McKinney Restoration, Co. v. Ill. Dist. Council No. 1 of Int'l Union of Bricklayers & Allied Craftworkers*, 392 F.3d 867, 873 (7th Cir. 2004) ("We have repeatedly held that statutes of limitations … are not jurisdictional.").

[3] The Fourth, Sixth, and Eighth Circuits, and the only judge in this district to have considered the question, concluded that the one-year language in Section 9 is permissive rather than mandatory. *See Wachovia Sec., Inc. v. Gangale*, 125 Fed. App'x 671, 676 (6th Cir. 2005); *Val-U Constr. Co. of S.D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 581 (8th Cir. 1998); *Sverdrup Corp. v. WHC Constructors, Inc.*, 989 F.2d 148 (4th Cir. 1993); *Kolowski v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 07 C 4964, 2008 WL 4372711, at *2 (N.D. Ill. Mar 20, 2008). The Second Circuit interpreted the provision as a mandatory statute of limitations. *Photopaint Techns., LLC v. Smartlens Corp.*, 335 F.3d 152 (2d Cir. 2003). The Seventh Circuit suggested in dicta that the bar is mandatory. *Lander Co. v. MMP Investments, Inc.*, 107 F.3d 476, 478 (7th Cir. 1997) (observing, in a discussion of the case's procedural history, that

language were mandatory, USCC timely filed its petition to confirm within a year of the final decision. The arbitrator entered the final award in May of 2017, and USCC moved to confirm in April of 2018. USCC tolled any statute of limitations when it filed in the district court in West Virginia. The statute of limitations did not reset when the case was transferred, as respondents argue. "[T]ransfer does not commence a new suit for purposes of deciding whether the suit is timely." *Pfizer, Inc. v. Lott*, 417 F.3d 725, 726 (7th Cir. 2005). Although not directly stated in the West Virginia court's opinion, it is a fair inference that the judge may have transferred the case instead of dismissing it precisely to avoid a statute-of-limitations issue. *See Phillips v. Seiter*, 173 F,3d 609, 610 (7th Cir. 1999) (noting that a "compelling reason" to transfer a case is if the claim "will be time-barred if [the] case is dismissed and thus has to be filed anew in the right court").

Respondents make much of the contract's forum-selection clause, and emphasize that USCC filed its petition in a district other than the one specified in the contract. But whether USCC filed in the right court was an issue for the West Virginia court to decide. That court determined that a change of venue was warranted, but found that transfer, rather than dismissal, was the better remedy. Respondents' successful venue arguments are not persuasive when recycled under the timeliness banner. USCC did not file in West Virginia in bad faith with an intent to delay. Moreover, venue is waivable, and the filing in West Virginia timely put respondents on notice that USCC sought judicial confirmation of the final award. So the initial filing and later transfer did not offend the goals behind statutes of limitations.

Respondents also contend that USCC's petition is time-barred because USCC did not move to confirm within a year of the interim award, rather than the final award. This argument is also unpersuasive. Section 9 specifies that a motion to confirm may be made within a year of when "the award is made." 9 U.S.C. § 9. That provision "uses 'award' in conjunction with finality." *Publicis Commc'n v. True N. Commc'ns, Inc.*, 206 F.3d 725, 729 (7th Cir. 2000) (citing 9 U.S.C. § 9). To determine whether an award is final, "courts go beyond a document's heading" and "delve into its substance and impact." *Id.* If an award is "incomplete in the sense of having left unresolved a portion of the parties' dispute," it is not a final award. *Olson v. Wexford Clearing Servs. Corp.*, 397 F.3d 488, 491 (7th Cir. 2005) (quoting *IDS Life Ins. Co. v. Royal All. Assocs., Inc.*, 266 F.3d 645, 651 (7th Cir. 2001)). For example, an arbitration award is final if it "resolves the parties' dispute," is "call[ed] the final decision," and the parties "paid their final bills." *Bd. of Trs. of Univ. of Ill. v. Organon Teknika Corp.*,

---

Section 9's "one-year statute of limitations" would bar the plaintiff in that case from filing a new suit).

3

614 F.3d 372, 375 (7th Cir. 2010); *see also Olson*, 397 F.3d at 491 (finding award final where there was "nothing further for the arbitration panel to adjudicate").

Here, the interim award bears none of the hallmarks of a final award. For example, the arbitrator labeled it an "interim award," and the interim-award document plainly stated that it was a placeholder until the final award was entered. What's more, the interim award did not specify a final amount of prejudgment interest. It left the amount open, to be calculated at a later date based on the date of the final award. It ordered supplemental filings on the open question of attorney's fees and costs. The interim decision was incomplete; it left certain matters unresolved. *See Olson*, 397 F.3d at 491. True, a court may confirm an award labeled an interim award if the award is final in substance. *See Publicis*, 206 F.3d at 729 (collecting cases). But even assuming USCC could have moved to confirm the interim award, that does not mean it had to. The March award was not a final award. Any statute of limitations began to run from the entry of the final award in May, not the interim award in March.

Nor did USCC waive its arguments that Section 9's language is permissive, or that USCC tolled the statute of limitations by filing in West Virginia, as respondents argue. [34] at 3–4. Timeliness is an affirmative defense, and USCC did not need to "anticipate and overcome affirmative defenses" in its petition to confirm the arbitration award. *See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009).

USCC's motion to confirm the arbitration award, [1], is granted.

ENTER:

Date: January 27, 2020

Manish S. Shah
U.S. District Judge

4